UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>DEBIT DIRECT LIMITED, JACK O'HALLORAN,<br>DAVID BUTTERWORTH, MICHAEL KELLY,<br>DOMICILIUM (IOM) LIMITED, JOHN ALLEN,<br>and PATRICK WALSH,<br>    Defendants. | CIVIL ACTION NO.<br>3-04-cv-1651 (JCH)<br><br><br><br><br>SEPTEMBER 6, 2007 |

**RULING RE: THE DEBIT DIRECT DEFENDANT'S MOTION TO DISMISS DEFENDANT JACK O'HALLORAN'S CROSS CLAIM (Doc. No. 135)**

**I.    INTRODUCTION**

On April 24, 2007, the defendants, Debit Direct Limited, David Butterworth, and Michael Kelly ("Debit Direct Defendants," collectively), filed a Motion to Dismiss Defendant Jack O'Halloran's Cross Claim (Doc. No. 128) for insufficient notice pleading, pursuant to Rules 8 and 9(b) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Debit Direct Defendant's Mem. in Supp. of Mot. to Dismiss ("Debit Direct's Mem.") at 1 (Doc. No. 135). O'Halloran's Cross Claim against the Debit Direct Defendants states that O'Halloran "is entitled to contribution and judgment over against those defendants found to have participated in the conspiracy and/or profited from it in an amount to be determined by the Court in accordance with the relative culpability of the parties." O'Halloran's Answer to the Second Amd. Comp. ("Ans.") at ¶71 (Doc. No. 128).

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). In considering such a motion, the court must accept the factual allegations alleged in the complaint as true and all inferences must be drawn in the cross-claimant's favor. Stephenson v. Dow Chemical Co., 273 F.3d 249, 256 (2d Cir. 2001). A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a [cross claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted).

"While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964-5 (2007).

## III. DISCUSSION

O'Halloran states that he is "entitled to contribution and judgment over against those defendants . . . in an amount to be determined by the Court in accordance with the relative culpability of the parties." Ans. at ¶ 71. However, O'Halloran states no legal or factual basis for his claim of contribution. See Id. Instead, he merely summarizes and disputes allegations made by the Plaintiffs in this action. Id. at ¶¶ 69-70. As such, O'Halloran has failed to make a "short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8. Therefore, the Debit Direct Defendant's Motion to Dismiss is GRANTED. O'Halloran's Cross-Complaint is dismissed without prejudice. O'Halloran has leave to replead his Cross-Claim in compliance with Rule 8, if he does so no later than September 28, 2007.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 6th day of September, 2007.

                                             /s/ Janet C. Hall
                                             Janet C. Hall
                                             United States District Judge